The opinion of the court was delivered by
Tilghman, C. J.
This is an appeal from the Orphans’ Court of Dauphin county, and the matter in dispute is reduced to a single point, viz: whether Conrad Bambaugh died seized in fee, of an undivided moiety, which descended to his heirs, of a tract of land, conveyed to him and his son, Abraham Bambaugh, (the appellant,) by a deed from Christian Fleckinger and wife, dated the 22d óf April, 1800. The appellant contends, that by this deed, he and his father took an estate in jointenancy, in fee. On the other hand, it is said by the appellee, that the estate was in common. The material parts of the deed, are as follows: In the premises, the estate is granted iCto the said Conrad and Abraham Bambaugh, and to their heirs and assigns;” but the habendum is, *192 “to the said Conrad and Abraham, their, and cacti of their heirs and assigns, to the only proper use and behoof of the said Conrad and Abraham, their,and each of their heirs and assigns for ever.” Taking the whole deed together, the intention is quite clear, that there shall be no survivorship, but the estate shall go equally to the heirs of each. Now, this is a tenancy in common. It is unnecessary to cite cases on a point, which I consider clear. I will mention but one, Galbraith v. Galbraith, which was decided by this court, 3 S. 4’ R- 392, and is stronger than that before us. There the land was given in the premises, “to the grantees, or any of them, their, or any of their heirs or assigns, habendum to them, their heirs and assigns for ever. ” This was held to be a tenancy in common. The inconvenience of jointenancy, has induced the courts to seize on every expression which indicates an intention to give a separate interest to 63eh. It is our opinion, therefore, without doubt, that the estate which passed by the deed in question, was a tenancy in common. But even if it had been a jointenancy, the case of the appellant would have been none the better, since, by the act “ concerning jointenancy,” passed the 31st of March, 1812, 5 Sm. L. 395, the moiety of his father would not have survived to the appellant, but descended to the heirs of the father. By this act, it is provided, “that if partition be not made between jointenants, the parts of those who die first, shall not accrue to the survivors, but shall descend, or pass by devise, and shall be subject to debts, charges, curtesy or dower, or transmissible to executors, or administrators, and be considered to every other, intent and purpose, in the same manner as if such deceased jointenants had been tenants in common. Provided, that this act shall not be taken to effect any trust estate.” It is conceded by the counsel for the appellant, that if this act had been passed previous to the execution of the deed under which he claims, the moiety of his father would not have survived to him. But it is supposed, that the act did not extend to estates in jointenancy, then in existence, because it would have had an ex post facto operation on such estate. The words of the law are explicit, and comprehend all jointenants, nor have we any reason for thinking, that it was intended to operate only on estates in jointenancy to be thereafter enacted. The truth is, that the doctrine of survivorship was so little known to people in general, and so abhorrent to their feelings, when known, that it was thought best to get rid of it, at once. The courts had been long struggling against it, but were unable, without a dangerous prostration of established principles, to go as far as they wished. The aid of the legislature was, therefore, necessary. There is no force in the argument, that the operation of the act on existing estates, was an invasion of vested rights. Who should be the survivor, was in contingency, and in the meantime, either jointenant might have severed the estate, by legal means, without the consent of his companion. The act of assembly did for them, *193 at once, and without expense, which ninety-nine in a hundred wished to be done. But if there were any jointenants who desired the chance of survivorship, they might have it, by an agreement for that purpose. Now, should we undertake to put a limitation on the plain words of the law, we might do an irreparable injury to many, who reading the words as they are written, have supposed a partition unnecessary, and therefore, have died without effecting it. Something was said in the argument of this cause) against the constitutional power of the legislature, to pass an act affecting estates then in existence. But' on this point we have no doubt. The act deprived no man of his property. Where a title had already accrued b> survivorship, it remained untouched. The only effect of the law was, to place the parties on an equal and sure footing, leaving nothing to chance; without depriving them, however, of the right of making any agreement between themselves, which they might think proper. In such a law, there is nothing like an invasion of the rights of property, nor any thing which is forbidden by the constitution of the commonwealth. It is the opinion of the court, that there is no error in this record, and therefore, the judgment is affirmed.
Judgment affirmed.